STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Guité[1] Indirect Discharge Renewal Permit | } | Docket No. 253-10-06 Vtec |
| (formerly captioned "In re: Unified Buddhist Church") | } | |
| (Appeal of Lull's Brook Watershed Ass'n, et al.) | } | |
|  | } | |

Entry Order and Scheduling Order

As laid out in the October 3, 2008 Entry Order and Scheduling Order in this matter, a related Act 250 appeal (No. 191-9-05 Vtec) had been resolved in favor of the then-Applicant Unified Buddhist Church, which had proposed a Buddhist retreat and study center for the subject property, with twenty-four permanent residents and a specific schedule of transient or seasonal overnight and daytime visitor-days. The trial involved eight days of hearing, much of which related to the proposed wastewater disposal system. By agreement of the parties, all the evidence received in that trial was transferred to the above-captioned case for use in connection with the indirect discharge renewal permit application for the same project, and two days of supplementary hearing were held, after which the parties filed their requests for findings and memoranda of law. However, shortly thereafter, the Court was notified that the property was being sold; the Court issued a scheduling order requesting the parties to

---

[1] The October 3, 2008 Entry Order and Scheduling Order noted that Appellee-Applicant's July 29, 2008 Motion to Substitute Party had not spelled the name with an accented "e" but that the pronunciation given during the August 11, 2008 motion hearing did suggest the accent. The October 3, 2008 Order requested that Appellee-Applicant advise the Court as to the correct spelling. While neither the former nor the present attorney representing Appellee-Applicant has advised the Court of the correct spelling, and while documents have been filed using both spellings, the most recent filings by Attorney Roy in this case and in Docket No. 265-11-08 Vtec have used the accent; the Court will conform to that usage.

1

address whether the sale meant that the project was being abandoned and/or whether the appeal had become moot.

The purchaser, J. Michael Guité, was granted leave to be substituted as the party-applicant, in place of the Unified Buddhist Church, and requested that the Court proceed to render a decision on the basis of the evidence already taken and the memoranda already filed in this case. At the hearing on pending motions held in mid-August 2008, he was not then prepared to make any representations as to whether the proposed project would continue to be the same as that presented in the transferred and supplemental evidence. Rather, at that hearing, Appellee-Applicant asked the Court to "assume" that the proposed buildings and uses would be the same as those proposed by the former applicant.

In denying Appellants' motion for the entry of judgment to void the permit that was the subject of the present appeal, the October 3 Order explained that

> [T]he application form for the indirect discharge permit requires an applicant to provide information as to the nature of the waste sought to be disposed, and the type of activity sought to be conducted on the property. It was the former Appellee-Applicant which presented a calculation of the total proposed flow in gallons per day, based on the number of overnight and day guests and residents, and reduced by a factor for proposed low flow fixtures. Evidence was also presented regarding the system's capacity for renovation during periods of off-peak, non-summer use.

The October 3 Order explained that, although a successor landowner is entitled to pursue the same application,

> [h]owever, the Court is precluded from issuing advisory opinions or decisions; the application before the Court in a <u>de novo</u> appeal such as this one must present a live case or controversy to the court. To the extent that Appellee-Applicant's plans now differ from those proposed in the application and about which evidence was presented at trial, those differences must be made explicit so that if any of those differences have any effect on the considerations for an indirect discharge permit, the parties may present any relevant evidence. This would not be an

2

opportunity to present additional evidence that could have been presented in the already-concluded hearings; the relevance of any additional evidence or cross-examination would be measured by the present Appellee-Applicant's modifications to the application, if any.

The October 3 scheduling order therefore required that, by October 20, 2008,

> Appellee-Applicant shall state in writing whether he wishes the Court to proceed to rule on the basis of the application now before the Court, including the type of activity, nature of waste, and schedule of proposed occupancy and use found in the application, together with all evidence presented by the former applicant in support of the application, or whether he wishes to modify the application or evidence in any way.
>
> If Appellee-Applicant wishes the Court to proceed to rule on the basis of the application now before the Court, including the type of activity, nature of waste, and schedule of proposed occupancy and use, and all evidence presented by the former applicant in support of the application, any supplementary legal memoranda may be filed by any party on or before November 14, 2008, with no reply memoranda permitted, and the Court will thereafter issue a decision concluding this appeal.

Attorney Huessy, on behalf of Mr. Guité, moved on October 16 to extend the October 20, 2008 filing deadline by 30 days, due to a potential conflict of interest raised by an Act 250 Jurisdictional Opinion that had then recently been issued on October 10.[2] The extension request was granted, making the filing deadline November 20, 2008. That motion also proposed that the parties file a stipulated revised schedule for the remaining requirements[3] laid out in the October 3 Order, following the anticipated November 20 filing.

---

[2] On November 10, 2008, Mr. Guité filed an appeal of that Jurisdictional Opinion with the Court in Docket No. 265-11-08 Vtec. The Statement of Questions is due to be received at the Court by Monday, December 1, 2008, two business days from the date of this order; accordingly, it is not yet clear to the Court what issues are raised in that context as to the nature of the proposed project. No other parties have yet entered their appearance in that appeal.

[3] The October 3, 2008 Order had also set out a schedule for a hearing day in the event that Appellee-Applicant did wish to modify the application or evidence in any way, and requested the parties to state in

On October 20, 2008, Attorney Roy entered his appearance on behalf of Appellee-Applicant Guité, in place of Attorney Huessy. After inquiry from the Court staff on November 21, 2008 and November 25, 2008 as to the filing required by the October 3, 2008 Order, which had been extended to the due date of November 20, 2008, Attorney Roy was given leave to send the required statement by fax, to be followed by the copy for filing. The faxed letter stated in full as follows:

> Pursuant to my conversation with your office, this letter confirms that no further evidence needs to be presented in the above-referenced appeal, and that the matter is ripe for a final decision on the merits.

This letter does not provide <u>any</u> of the elements required by the Court's October 3, 2008 Order. As explained in the October 3 Order, this Court may only rule on live cases and controversies. See, <u>e.g.</u>, <u>In re Rivers Development, LLC Appeals</u>, Nos. 7-1-05 Vtec, 68-3-07 Vtec, 183-8-07 Vtec, 248-11-07 Vtec, and 157-7-08 Vtec, slip op. at 11–12 (Vt. Envtl. Ct. Nov. 21, 2008) (Durkin, J.) and cases cited therein. Unless Appellee-Applicant Guité is prepared to state in the context of this litigation, and subject to the requirements of V.R.C.P. 11(b)(3), that he proposes substantially the same project proposed by the Unified Buddhist Church, including the type of activity, nature of waste, and schedule of proposed occupancy and use found in the application, together with all evidence presented by the former applicant in support of the application, then he must state the differences between his proposal and the application before the Court for decision, so that the Court may allow evidence to be presented and cross-examination to be conducted due to those differences. Otherwise, the Court must

---

writing their availability and that of their witnesses for certain specific dates in November and December of 2008, and to provide any unavailable dates for the remainder of January and for February and the first week of March, 2009. The Order also provided for a schedule by which Appellee-Applicant was to file any changes to the application, to withdraw any evidence transferred from the Act 250 case (or taken in the supplemental hearing in the present case) that would no longer be applicable, and provide any new prefiled direct testimony as to Appellee-Applicant's current proposals for the property, as it relates to the requirements for an indirect discharge permit and the information required to be provided in the application.

entertain any motions regarding whether the application has been abandoned or is otherwise moot.

It is not clear to the Court whether any misunderstanding arose as to what was required to be filed, due to the change in Appellee-Applicant Guité's representation. Accordingly, on or before December 5, 2008, Appellee-Applicant may file anything further in response to the October 3, 2008 Order or as further explained by the present order. On or before December 10, 2008, the parties shall file the stipulated schedule contemplated by the October 16, 2008 Motion to Extend Time.

A telephone conference has been scheduled to discuss any remaining scheduling issues related to the present appeal, after the required filings have been made. (See enclosed notice.) The initial conference related to Mr. Guité's appeal of the Act 250 Jurisdictional Opinion (Docket No. 265-11-08 Vtec) will also be scheduled, if possible, for the same date, separately from but immediately following the conference regarding the present appeal, assuming that the Statement of Questions has been filed and that any other parties have entered their appearances.


Done at Berlin, Vermont, this 25th day of November, 2008.


_____
Merideth Wright
Environmental Judge

5